## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ISAIAH MILLER | ) | CASE NO. |
| 3690 Winchell Road | ) | |
| Shaker Heights, Ohio 44122 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MONIQUE MILLER | ) | |
| 3690 Winchell Road | ) | |
| Shaker Heights, Ohio 44122 | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | JUDGE |
| | ) | |
| AMERICAN AIRLINES, INC. | ) | |
| c/o Corporation Service Co. (CSC) | ) | |
| 211 E. 7ᵗʰ Street, Suite 620 | ) | |
| Austin, TX 78701, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JANE DOE | ) | |
| (Uknown employee of American) | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT
## JURY DEMAND ENDORSED

NOW COME Isaiah Miller and Monique Williams ("Plaintiffs"), by and through undersigned Counsel, and for their Complaint, alleges and avers the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves a federal question under 42 U.S.C. § 1981.

2. Venue is proper under 28 U.S.C. §§2201, 2202, and 1343.

3. This Court has personal jurisdiction over American Airlines because it regularly conducts business in this judicial district.

## PARTIES

4. Plaintiff, Isaiah Miller, who is Black, has a permanent residence in Shaker Heights, Ohio but who currently is temporarily in North Carolina for school.

5. Plaintiff, Monique Williams, has a permanent residence in Shaker Heights, Ohio

6. Defendant American Airlines, Inc. is a United States airline based in the United States, incorporated, in Delaware, and headquartered in Fort Worth, Texas. American regularly and systematically conducts business in the Northern District of Ohio.

7. Jane Doe, a white female, was on or about May 30, 2024 an employee of Defendant American Airlines, Inc. functioning in the capacity as a Flight Attendant who at all relevant times was acting within the course and scope of her employment with American. Despite Plaintiffs' due diligence and best efforts her name and address are unknown to them at this time.

## BACKGROUND FACTS

1. On or about May 30, 2024, Plaintiffs were ticketed passengers on an American Airlines Flight (Flight No. AA4711), it was the second leg of a return trip from Greensboro, North Carolina back to Cleveland, Ohio.  They are mother and son and they were returning from a campus tour of a college in Greensboro.

2. Plaintiffs had a layover in New York at LaGuardia International Airport where they changed airplanes.

2

3. Upon boarding the second flight (Flight AA4711) Plaintiffs went to their respective duly assigned seats whereupon, Isaiah Miller was immediately targeted by a flight attendant, Defendant Jane Doe, purporting to enforce the carry-on bag policy by accusing Isaiah of having two personal bags, when, in fact all Isaiah had with were his bookbag and small merchandise bag clearly displaying on it the logo of the store he got it from that contained two items he had purchased from the store, i.e., a notebook and teddy bear.

4. When Plaintiff, Isaiah Miller, demonstrated to Defendant Jane Doe that neither bag presented a problem in terms of stowing them safely and in compliance with the carry-on policy Defendant Doe escalated her targeting of Isaiah by way of aggression and accusation suggesting he was inebriated from drinking alcohol, which she conveyed to other employees of American which was patently false and  blatantly  pretextual.

5. Other passengers observed as the Defendant Doe continue in an unreasonable and unwarranted course of escalation directed only at Isaiah, to the point that it caught the attention of several passengers including Isaiah's mother, Plaintiff Monique Williams who approached to inquire of the Flight Attendant who then turned her aggression then on Monique.

6. Jane Doe then caused the involvement of other Flight Attendants and eventually communicated some undisclosed information or misinformation to the Captain who then ordered all the passengers to deboard the airplane.

7. Once fully deboarded all the passengers were in the waiting area including Plaintiffs at which point they were approached by security officers who explained to Plaintiffs that due to a disturbance caused by one or both of them, one or both of them were not allowed to

3

fly and subsequently they were both escorted out of the area in front of all the other passengers, other travelers and airport personnel.

8. Further, Plaintiffs were escorted out of the airport to the curb whereupon they were forced to make lodging and new return travel plans.

9. As a direct consequence of this flagrant discrimination, Plaintiffs have suffered greatly due to this traumatizing event.

10. In light of the foregoing, American Airlines (herein referred to as "American") engaged in blatant and egregious race discrimination when it targeted, harassed, forcibly caused the removal of both Plaintiff from inside the airport premises causing both Plaintiffs profound trauma, humiliation and mental anguish.

11. American has a documented history of subjecting passengers of color, particularly black passengers, to differential treatment and bigotry to include the following to provide samples:

    a. Four black men who did not know each other were deplaned based on passenger complaints about body odor. The men were the only black pepe on the plane and were not responsible for the odor; https://www.usatoday.com/story/news/nation/2024/05/31/american-airlines-racial-discrimination-lawsuit/73911335007/; Krystal Nurse, American Airlines removed Black men from flight after odor complaint, federal lawsuit says, USA Today (last accessed April 18, 2026).

    b. Former NFL player, Hardy Nickerson, Sr. and his wife were told by the gate agent that they had to move from their first-class seats to coach. Mr. Nickerson and his wide were the only black first-class passengers and, also, the only first-

class passengers asked to move to coach. https://www.kron4.com/news/bay-area/exclusive-former-nfl-players-claim-they-were-racially-profiled-on-american-airlines-flight-to-sf/; Haaziq Madyun, Former NFL players claim they were racially profiled on American Airlines Flight to SF; KNRON 4 (last accessed April 18, 2026).

12. In or around October of 2017, the National Association for the Advancement of Colored People (NAACP) issued a travel advisory warning Black Americans of potential discrimination they could face when flying with the airline. NAACP Calls on American Airlines to Respond to Pattern of Discrimination | NAACP.

13. Upon information and belief, the treatment Plaintiff experienced is consistent with American's pattern and practice of discrimination against black passengers.

**CLAIM I:**

14. Plaintiff, Isaiah Miller hereby incorporates all other preceding paragraphs of this *Complaint* as if set forth herein.

15. 42 U.S.C. § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to  make and enforce contracts . . . as is enjoyed by white citizens. . .." 42 U.S.C. §1981(A). Under the statute, the phrase "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

16. When Plaintiff contracted with American for passage on Flight 4711, he had the right to be treated equally to white passengers and without discrimination, a right which American and its employee Jane Doe violated. Plaintiff was subjected to discriminatory, and substantially worse,

performance, benefits, privileges, terms, and conditions of their contract with American, solely due to his race and color.

17. As a direct or proximate result of American's intentional discrimination in violation of Section 1981, Plaintiff has suffered, and continued to suffer, severe mental anguish and emotional distress for which he is entitled to an award of damages.

**CLAIM II:**

18. Plaintiff, Monique Williams hereby incorporates all other preceding paragraphs of this *Complaint* as if set forth herein.

19. 42 U.S.C. § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens. . .." 42 U.S.C. §1981(A). Under the statute, the phrase "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

20. When Plaintiff contracted with American for passage on Flight 4711, he had the right to be treated equally to white passengers and without discrimination, a right which American and its employee Jane Doe violated. Plaintiff was subjected to discriminatory, and substantially worse, performance, benefits, privileges, terms, and conditions of their contract with American, solely due to his race and color.

21. As a direct or proximate result of American's intentional discrimination in violation of Section 1981, Plaintiff has suffered, and continued to suffer, severe mental anguish and emotional distress for which he is entitled to an award of damages.

WHEREFORE, Plaintiffs demand judgment for actual, economic, non-economic, compensatory, and punitive damages against Defendants, jointly and severally, in an amount in excess of seventy-five thousand dollars ($75,000.00), costs, pre-judgment interest, and attorney's fees.

**PLAINTIFF REQUESTS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

DATED: MAY 30th, 2026

Respectfully submitted,

/s/ Anthony D. Jordan

Anthony D. Jordan (OH Bar ID #0066150)
23240 Chagrin Boulevard. Ste. 535
Commerce Park IV
Beachwood, Ohio 44122
Phone: (216) 773.1536 | Fax: (216) 245-6928
Email: adjesq@gmail.com

and

Clarissa A. Smith (OH Bar ID #0095891)
1220 W. 6th St.
Cleveland, OH 44113
Phone: (216) 327-1706
Email: clarissa.a.smithesq@gmail.com

*Counsel for Plaintiffs*